IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT LOUIS WARD, § | | |
| (Tarrant No. 0798776) § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. 4:20-cv-1065-O |
| § | | |
| STATE OF TEXAS, et al., § | | |
| § | | |
| Defendants. § | | |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(B) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Robert Louis Ward's ("Ward") case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Having reviewed the amended complaint, the Court finds that this action must be **DISMISSED** under authority of these provisions.

**I.    BACKGROUND**

Plaintiff Ward initiated this civil case by the filing of a handwritten complaint. Complaint, 1-6, ECF No.1. In accordance with this Court's order, Ward completed and filed a civil-rights complaint form as an amended complaint. Am. Compl. 1-6, ECF No. 5. In that document, which is the operative pleading before the Court, Ward listed thirty-seven different states as defendants, including the State of Texas and thirty-six others listed alphabetically between Alabama and Oregon. *Id.* at 2. Ward writes the following claim for relief:

> The U.S. Constitution names the officers under which the citizens of the U.S. will be governed. Then the verbiage "and all other rights belong to the states." Then the original thirteen states formed state and local governments. How could they when the officers of President, Vice President, Sec. of State, etc. had been given to the Federal Government, the right of legislature was given to the Federal Government and so on. Then the Bill of Rights gave the amendment providing

1

> "Equal Protection Under the Law," which means that Laws enacted by the Federal Gov are not only Supreme but can be the Only One.

Am. Compl. 3, ECF No. 5. For relief in this proceeding, Ward seeks for this Court to "Order all other governments other than the Federal Government Unconstitutional and therefore barred forever." Am. Compl. 3, ECF No. 5.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Ward is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Ward is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

### III.     ANALYSIS -- **Claims Barred by Eleventh Amendment**

As noted, within the amended complaint Ward named the State of Texas and numerous other states as defendants. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state. S*ee Alabama v. Pugh*, 438 U.S. 781, 784 (1978); *see Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001). Thus, the State of Texas and the other named states would be immune from Ward's suit under the Eleventh Amendment. *Bitara v. Texas*, 197 Fed. Appx. 329, 2006 WL 2521237, at *1 (5th Cir. Aug. 31, 2006). More specifically, the Eleventh Amendment prohibits federal court adjudication of "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens pr Subjects of any Foreign State." U.S. Const. Amend XI. As the Supreme Court further elaborated, the Eleventh Amendment also precludes suits by an individual against his own State. *See Hans v. Louisiana*, 134 U.S. 1 (1890) (rejecting the plaintiff's argument that the Eleventh Amendment did not bar a lawsuit against his own State); *accord Welch*

*v. Texas Dep't of Highways & Pub. Transp*., 483 U.S. 468, 472 (1987) ("the Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State"). Although 42 U.S.C. § 1983,[1] authorizes individual claims for violation of federal constitutional rights, § 1983 does not override the Eleventh Amendment. *Voisin's Oyster House*, 799 F.2d 183, 186 (5th Cir. 1986).

As Ward's only claims are against the State of Texas and other states, he is not permitted to obtain recovery in federal court. As a result, his claims are legally frivolous and must be dismissed. *See Derrick v. Texas*, C.A. No. C-H-11-412, 2012 WL 92545, at *3 (S.D. Tex Jan. 11, 2012) ("Plaintiff has chosen to sue the State of Texas . . . [r]egardless of whether he is a citizen of Texas or another State, he is not permitted to obtain recovery in federal court. Given that this legal theory is "undisputably meritless" and lacks an arguable basis in law . . . this action is frivolous and dismissed pursuant to § 1915(e)(2)(B)(1)") (citations omitted)).

---

[1]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983 (West 2012).

## IV. CONCLUSION

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **8th day** of **June, 2021.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**